UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL ENVIRONMENTAL RIGHTS FOUNDATION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AZTEC PERLITE COMPANY, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 24-cv-385-RSH-SBC<br><br>**ORDER DIRECTING ADDITIONAL BRIEFING** |

　　　Before the Court is Plaintiff Coastal Environmental Rights Foundation's motion for default judgment. ECF No. 18. Plaintiff is a non-profit corporation established "to advocate for the protection and enhancement of coastal natural resources and the quality of life for coastal residents." ECF No. 1 ¶ 18. On February 27, 2024, Plaintiff filed its Complaint in this action against Defendant Aztec Perlite Company, Inc. under the citizen enforcement provision of the Clean Water Act ("CWA"). *Id.* at ¶ 1. The Complaint alleges that Defendant operates a perlite manufacturing facility which discharges pollutant-contaminated storm water in violation of the CWA and California's "General Permit for Storm Water Discharges Associated with Industrial Activities" ("General

1  Permit"). On July 30, 2024, default was entered against Defendant and Plaintiff
2  subsequently filed a motion for default judgment. ECF Nos. 16, 18.

3        Standing is an "'indispensable part'" of a plaintiff's case and "must be supported at
4  each stage of litigation in the same manner as any other essential element of the case."
5  *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002) (quoting
6  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). An organization can bring suit in
7  federal court under two theories of standing: by suing on its own behalf, or on behalf of
8  its members. *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of
9  Educ.*, 82 F.4th 664, 723 (9th Cir. 2023). Based on the Complaint, Plaintiff appears to
10 assert standing under the second theory. ECF No. 1 ¶¶ 18–20.

11       "An organization has standing to bring suit on behalf of its members when: '(a) its
12 members would otherwise have standing to sue in their own right; (b) the interests it
13 seeks to protect are germane to the organization's purposes; and (c) neither the claim
14 asserted nor the relief requested requires the participation of individual members in the
15 lawsuit.'" *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir.
16 2000) (quoting *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 343
17 (1977)). Individual members of the organization "have standing in their own right under
18 Article III if 'they have suffered an injury in fact that is (a) concrete and particularized
19 and (b) actual and imminent, not conjectural or hypothetical, . . . the injury is fairly
20 traceable to the challenged action of the defendant; and . . . it is likely, as opposed to
21 merely speculative, that the injury will be redressed by a favorable decision.'" *Id.*
22 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167,
23 180–81 (2000)).

24       Here, Plaintiff does not sufficiently explain how it has standing to bring this suit on
25 behalf of its members. Specifically, Plaintiff has not submitted any evidence—
26 particularly in the form of declarations—identifying the members on which it relies on
27 for standing or how these members have suffered an injury in fact. *See Friends of the
28 Earth*, 528 U.S. at 183 (injury in fact adequately documented by affidavits and testimony

presented by environmental organization's members); *Ecological Rights*, 230 F.3d at 1150 (same); *see also Fish Nw. v. Rumsey*, No. 22-35641, 2023 U.S. App. LEXIS 15274, at *12–13 (9th Cir. June 20, 2023) (same).

For these reasons, the Court **DIRECTS** Plaintiff to submit supplemental briefing addressing the above issue. Plaintiff's brief should be no more than **five** pages in length (excluding attachments) and be filed on or before **October 11, 2024**.

**IT IS SO ORDERED.**

Dated: October 2, 2024

_____
Hon. Robert S. Huie
United States District Judge